FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y
★ DEC     15 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
Richard PITCHER,

                 Petitioner,

-against-

UNITED STATES OF AMERICA,

                 Respondent.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
15-CV-5482 (ARR)

ROSS, United States District Judge.

On September 15, 2015, petitioner Richard Pitcher filed a pro se writ of coram nobis challenging his April 19, 2006 conviction in this court on the ground that his November 23, 2003 arrest was effected without probable cause. For the following reasons, the petition is dismissed.

## BACKGROUND

After his April 19, 2006 conviction in 03-CR-1368-17 (ARR) and subsequent appeals, United States v. Adams, 316 F. App'x 60, 62 (2d Cir.), *cert. denied*, Pitcher v. United States, 558 U.S. 1037 (2009), petitioner challenged his conviction in a collateral proceeding pursuant to 28 U.S.C. § 2255, which was denied by this court on February 28, 2011. Pitcher v. United States, 10-CV-3454 (ARR), 2011 WL 809648 (E.D.N.Y. Feb. 28, 2011).

Petitioner then filed a "Motion Pursuant to Federal Rule of Civil Procedure 60(b)(4)," in which he asserted that "[a]lthough it is clear that a Warrant for his arrest was purportedly ordered by the District Court, it is also now clear that such a Warrant was in fact never issued." Id., Dkt. #19 at 5. The court denied the motion, finding that "petitioner was in fact arrested pursuant to a

duly authorized arrest warrant issued from this district," and attaching a copy of the arrest warrant. Id., Dkt. #20.

Next, petitioner filed a petition for a writ of coram nobis in which he challenged that same arrest on the ground that the arrest warrant was not properly executed. Pitcher v. United States, 13-CV-2824 (ARR), (E.D.N.Y. May 20, 2013) (petition denied).

Petitioner now asserts, in his second request for coram nobis relief, that the "warrant for arrest was not executed," Petition at 5, Dkt #1, that "[t]he arrest warrant lacked an affidavit", id., and that he was never shown the warrant. Id. Petitioner also cites a recent Supreme Court case, Rodriguez v. United States, — U.S. —, 135 S. Ct. 1609, 191 L. Ed. 2d 492 (2015), which clarifies the limits on vehicle searches following traffic stops, but has no relevance to petitioner's claim regarding his arrest pursuant to an arrest warrant.

## WRIT OF CORAM NOBIS

A writ of coram nobis is an "extraordinary remedy" traditionally invoked in order to review a criminal conviction where habeas corpus relief under 28 U.S.C. § 2255 is unavailable because the petitioner is no longer in custody. Porcelli v. United States, 404 F.3d 157, 158 (2d Cir. 2005). Coram nobis is a remedy of last resort, granted only where "extraordinary circumstances are present." Nicks v. United States, 955 F.2d 161, 167 (2d Cir. 1992); see United States v. Morgan, 346 U.S. 502 (1954). The petition for the writ "is not a substitute for appeal, and relief under the writ is strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid." Foont v. United States, 93 F.3d 76, 78 (2d Cir. 1996) (internal quotation marks and citations omitted). The proceedings

leading to the petitioner's conviction are presumed to be valid, and the burden rests on the petitioner to show otherwise. Id. at 78-79. "A petitioner seeking [coram nobis] relief must demonstrate that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." Id. at 79 (internal quotation marks and citations omitted).

## DISCUSSION

In this case, petitioner fails to demonstrate that fundamental errors have rendered his criminal proceedings "irregular and invalid." This court has already considered the validity of the arrest warrant, provided petitioner with a copy of the warrant, and found that "petitioner was in fact arrested pursuant to a duly authorized arrest warrant issued from this district." Pitcher v. United States, No. 10-CV-3454 (ARR), Dkt. # 20.

Additionally, even if petitioner's claims could be construed to raise a new, previously-ignored issue, "coram nobis relief may be barred by the passage of time." Foont, 93 F.3d at 79. "The critical inquiry . . . is whether the petitioner is able to show justifiable reasons for the delay." Id. at 80. In this filing, twelve years after his arrest and nine years after his conviction, petitioner points to no new factual information or relevant legal rule and has asserted no impediment to a timely filing. Petitioner suggest that "[a]fter being in Trinidad for two years, [he] has had an opportunity to review and study applicable law," but his further studies are neither an excuse for the long delay nor a justification for resurrecting claims previously rejected by the court.

As petitioner has failed to provide "sound reasons" for his delay in bringing the petition and has failed to demonstrate any error in his conviction, his petition for a writ of error coram nobis is denied. The Clerk of Court is directed to enter judgment accordingly and close the case. The court denies a certificate of appealability and certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/(ARR)

Allyne R. Ross
United States District Judge

Dated: December 28, 2015
Brooklyn, New York